BALL et al. v. YOUNGBLOOD. (No. 1492.)

(Court of Civil Appeals of Texas. El Paso. May 17, 1923. Rehearing Denied June 7, 1923.)

1. Negligence ⬤97—Comparative negligence not recognized.

The doctrine of comparative negligence does not obtain in Texas.

2. Negligence ⬤119(6) — Discovered peril must be pleaded.

Discovered peril must be pleaded to be available to offset the defense of contributory negligence.

3. Trial ⬤250—Error to submit discovered peril where neither pleaded nor proved.

Where there was neither pleading nor evidence raising the issue of discovered peril, it was error for the court to submit it.

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Master and servant ⫸301(1)—Automobile owner not liable for negligence of son driving in disobedience of orders.**

In action for injuries to plaintiff's automobile in collision caused by reckless driving of defendant's car by his minor son, where there was no evidence that the son was driving the car as agent for the father, but there was positive evidence that he had positive orders not to drive it, this would authorize a peremptory instruction for the father.

**5. Municipal corporations ⫸706(9)—Finding that automobile driver violated city ordinance held finding of negligence.**

In action for injuries to plaintiff's automobile in collision caused by reckless driving of defendant's car by his son, finding that the plaintiff violated the city ordinance by not driving to the right of the center of the street intersection before turning was a finding of negligence on his part, and, in view of a further finding that such failure contributed to the accident, required entry of judgment for defendants.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by M. A. Youngblood against J. H. Ball and another. From judgment for plaintiff, defendants appeal. Reversed and rendered.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellants.

Cunningham & Oliver, of Abilene, for appellee.

HARPER, C. J. This suit was brought by appellee against J. H. Ball and his son, Bryan Ball, for damages for injuries to plaintiff's automobile in a collision caused by the reckless driving of defendant's car by his said son. He alleges, in substance, that he was engaged in the service car business; that Claud Youngblood, upon the occasion in question, acting for and on behalf of plaintiff, was making a trip north along Grape street, in Abilene, Tex., to Holbron street, for the purpose of getting a passenger, driving at a moderate speed, and attempting to turn from Grape to Holbron street, when his car was struck, broken, and damaged by an automobile belonging to defendant, J. H. Ball, driven at a high and dangerous rate of speed by his minor son and agent, Bryan Ball; that he was driving in a reckless manner, and in violation of the city ordinances, to wit, approximately 45 miles per hour; that Bryan Ball was habitually and notoriously a reckless and dangerous driver of automobiles; that he was a minor, 18 years of age, living with his father, and had been accustomed to using said car, and had been permitted to use it upon this occasion for the purpose of taking the family to church, and had express or implied authority to run the car at the time of the accident. J. H. Ball answered by general demurrer, general denial, and further pleaded the minority of Bryan Ball; that he was not using the car for his benefit nor his family, but contrary to his orders, and denied agency. Further pleaded contributory negligence in that the driver of plaintiff's car cut the corner from Grape street into Holbron street in violation of the city ordinance. Bryan Ball pleaded the same, substantially. The cause was tried to a jury, and submitted upon special issues, and upon the verdict judgment was entered for plaintiffs for $950, from which an appeal is perfected.

[1] Taking up the assignments and propositions in the order thought most logical, it is first urged that the court erred in not entering judgment for defendants upon the findings of the jury that "plaintiff did not drive to the right of the center of the intersection of Grape street before turning to the west to enter Holbron street," "and that such failure caused or contributed to cause the accident," for the reason that the traffic ordinance of the city of Abilene in evidence required drivers of automobiles to keep to the right of the center of such intersections, and that a failure to observe this ordinance was negligence which prohibited recovery. The appellee seeks to avoid the effect of this contributory negligence by pleading and proof that the defendant's car was being driven in a reckless manner, such as to constitute gross negligence.

In the case of McDonald v. International & G. N. Ry. Co., 86 Tex. 1, 22 S. W. 939, 40 Am. St. Rep. 803, it is held that the doctrine of comparative negligence does not obtain in this state, and this holding has not been departed from. Baker v. Shafter (Tex. Com. App.) 231 S. W. 349.

[2, 3] Again, the appellee seeks to avoid the consequences of holding upon the ground of discovered peril, and the trial court submitted the question, and the jury found that Bryan Ball discovered the perilous position of the plaintiff in time to stop and avoid the collision by the exercise of ordinary care. This charge is challenged upon the proposition that there was neither pleading nor evidence to support such issue. This is well taken. It was necessary to plead this issue in order to rely upon it to offset the defense of contributory negligence of plaintiff. Baker v. Shafter (Tex. Com. App.) 231 S. W. 349. Being neither pleading nor evidence raising the issue, it was reversible error for the court to submit it. Lamar v. Panhandle & S. F. Ry. Co. (Tex. Com. App.) 248 S. W. 34.

[4, 5] It is further urged that the court erred in refusing to instruct a verdict for the defendants because there is no evidence that Bryan Ball was driving the car as the agent of his father, but that the positive evidence is that he had positive orders not to drive it. This would doubtless authorize a peremptory instruction for the father, but not

the son. But we are of the opinion that the findings of the jury that the plaintiff violated the city ordinance was a finding of negligence upon his part, and, since the further finding is that such negligence contributed to the accident the court should have entered judgment for defendants upon such findings. It therefore becomes the duty of this court to render the judgment here which should have been rendered in the trial court.

Reversed and rendered.