## HUNTLEY v. PSIMENOS.
### No. 2936.

Court of Civil Appeals of Texas. El Paso.
Jan. 11, 1934.

Rehearing Denied Jan. 25, 1934.

See, also, 47 S.W.(2d) 622.

Parker V. Lucas and Carden, Starling, Carden & Hemphill, all of Dallas (C. W. Starling, of Dallas, of counsel), for appellant.

W. P. Bondies and D. A. Frank, both of Dallas, for appellee.

WALTHALL, Justice.

On May 16, 1930, at about 11 o'clock at night, while crossing Gaston avenue near its intersection with Carroll street, in the city of Dallas, Robert Benjamin Huntley, age seventy-five years, was killed by being struck by an automobile driven by appellee, John Psimenos. This suit is brought by appellant, Mrs. Mary Cordelia Huntley, a feme sole, and surviving widow of the deceased, R. B. Huntley, to recover damages resulting to her by reason of said injuries and death of her said husband. The case was submitted to a jury on special issues.

Appellant assigned a number of acts of negligence on the part of appellee as proximately causing the death of the deceased, R. B. Huntley, which the court submitted, except the issue of discovered peril, and upon which submitted issues the jury made findings.

On the part of appellee the jury found that the deceased, R. B. Huntley, at the time and on the occasion in question, failed to keep a proper lookout for his own safety, and that such failure proximately contributed to cause the collision; the jury also found that the deceased at the time and on the occasion in question failed to exercise ordinary care in the matter of crossing the street in front of traffic, and that such failure proximately contributed to cause the collision; the jury also found that the deceased, at the time and on the occasion in question, failed to exercise ordinary care to avoid a collision with defendant's automobile, and that such fail-ure proximately contributed to the collision in question.

The jury found in favor of appellee on all issues submitted charging negligence.

### Opinion.

The court refused to submit to the jury the issue of discovered peril, and the refusal of the court to submit such issue is the basis of appellant's first three propositions of error. Appellant sufficiently pleaded discovered peril as an issue of negligence on the part of appellee, and, on the failure of the court to submit such issue in the court's general charge, appellant submitted to the court the issue by a special charge, and requested that it be given, which the court refused to give. Appellant, by several propositions, submits that, under certain admissions of appellee, and testimony, the issue of discovered peril should have been submitted. We will consider the propositions together.

Appellee submits that there is no evidence in the record by admission or otherwise that appellee discovered the perilous position of the deceased in time, by the exercise of ordinary care and the use of means at hand, to stop his automobile or otherwise avoid the collision, and that for that reason the court properly refused to submit the issue.

Appellant quotes the evidence from the record which she submits is sufficient to have justified the submission of the issue of discovered peril. It is as follows: The appellee testified:

"After I had put my car in high gear I saw Mr. Huntley run right in front of my car and I knocked him down with my right fender. He was just about four feet in front of my car when I first saw him. I turned my car to the left to try to miss the man, but I could not miss him, I struck him with my right fender. I stopped the car within four or five feet of him after I had struck him. I had not started to stop the car before I struck the man. I said I stopped when I applied the brakes in about three or four feet. When I first saw him he was about three feet from my car right in front of me, on the right side, to the right, about three or four feet in front and about two or three feet to the right; that is when I first saw him.

"I have four wheel brakes on my car and I had both foot brakes that I could push in and put the brakes on that way, and then I had a hand brake that I could throw into emergency. When I stopped I stopped it with the foot brake. I said I stopped when I applied the brakes in about three or four feet. The only time I was in the middle of the street was when I turned my car over to the left three or four feet to try to miss him. Just before I struck this man and at the time I struck him, I would say I was going about

ten or twelve miles an hour, because I had just changed gears."

A portion of the testimony of appellee, referred to in his brief, but not quoted, but embraced in the statement from the same witness in appellant's brief, is as follows: "I did every thing I could to keep from hitting him. * * * It was a wet night and had been raining and was dark. It was eleven o'clock and was rainy and cloudy. * * * In order to stop I put on my foot brake. I also turned my steering wheel to the left. I had one foot on the clutch and one on the brake. I did all that as quick as I could. I didn't wait a while before I did that. I did it right now just as quick as I can."

We have stated all the evidence we find in the record which we deem relevant on the issue of discovered peril. What we have quoted is uncontroverted, except there is some evidence that deceased was struck by the left fender of the automobile instead of the right fender, and except the speed at which appellee was going at the time of the accident, a greater speed than ten or twelve miles an hour.

We think it immaterial on the issue of discovered peril whether appellee was going at a greater rate of speed than ten or twelve miles an hour, or whether deceased was struck by the right or left fender of the automobile, or whether the automobile at the time it struck the deceased was near the right-hand curb, or near the center of the street, or whether the lights in the drug store on the corner were shining at the time. Such facts might have been material on other acts of negligence assigned, but not on the issue of discovered peril, under consideration. The uncontroverted evidence being that appellee discovered the deceased and the perilous situation deceased was in before he was struck by the automobile, the material issue of fact then is: "If discarding all adverse evidence and giving credit to all evidence favorable to the plaintiff and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of plaintiff," the issue of discovered peril should have been submitted to the jury, otherwise not. Fernandez v. Rahe (Tex. Civ. App.) 61 S.W. (2d) 529, and cases there cited.

Our Supreme Court, in Joske v. Irvine, 91 Tex. 582, 44 S. W. 1059, 1063, in discussing the question as to when a question or issue should be left to a jury and when not, says: "It appears (1) that it is the duty of the court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established, such testimony, in legal contemplation, falling short of being 'any evidence'; and (2) that it is the duty of the court to determine whether the testimony has more than that degree of probative force. If it so determines, the law presumes that the jury could not 'reasonably infer the existence of the alleged fact,' and 'that there be no room for ordinary minds to differ as to the conclusion to be drawn from it.' The broad and wise policy of the law, formed in and descending to us through the crucibles of time, does not permit the citizen to be deprived of his property, his liberty, or his life upon mere surmise or suspicion, and places upon a trained judiciary the grave responsibility of determining as a question of law whether the testimony establishes more."

There is no evidence in the record tending to show that appellee, by turning his automobile aside sooner than he did, or stopping his automobile at a shorter distance than he did, could have avoided hitting the deceased.

We have concluded that the court was not in error in not submitting the issue of discovered peril.

We have considered propositions not discussed and think they present no reversible error.

The case is affirmed.