## CHARBONNEAU v. HUPAYLO.

### No. 13468.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 18, 1936.

Rehearing Denied Jan. 15, 1937.

·Leo Brewster, of Fort Worth, for appellant.

Julien C. Hyer and A. W. Christian, both of Fort Worth, for appellee.

SPEER, Justice.

W. F. Hupaylo sued W. F. Charbonneau in the county court at law No. 1, of Tarrant county, Tex., for damages to his person and to his automobile, growing out of an alleged collision between the cars of the parties on about March 19, 1935.

The case was tried to a jury on special issues, resulting in a verdict and judgment for Hupaylo, from which Charbonneau has perfected an appeal to this court.

For convenience we shall refer to the parties as plaintiff and defendant, as they appeared in the trial court.

It is unnecessary that we give any detailed statement of the allegations of negligence imputed to defendant by the pleadings of plaintiff. No complaint is made by defendant in this appeal of either the pleadings of plaintiff or the testimony offered in support thereof. Suffice it to say, the allegations were sufficient to support the testimony offered.

The defendant answered with a general denial and special pleas of contributory negligence on the part of plaintiff; such as, a failure to keep a proper lookout for persons on the highway; failure to keep a proper control of his car, and in not having his automobile equipped with proper braking facilities. The following additional averments were made: "For further answer herein, the defendant says that the plaintiff should not recover of defendant for the reason that the said collision was brought about by the negligence of the plaintiff, in that the plaintiff discovered the position of defendant's automobile in sufficient time after realizing its perilous position to have avoided said collision by using the means at his command and under his control to have stopped the automobile that he was driving, or to have changed the course thereof or to have decreased the momentum thereof before said collision, and have afforded defendant an opportunity to have extricated himself from the hazardous position which he was in, and which he could and would have done, which negligence on the part of plaintiff contributed to said collision and resulting damages as pleaded by plaintiff."

The issues submitted by the court down to and including No. 34 were such as to properly require the jury to make findings of the facts on all matters set out in the pleadings upon which testimony was offered, and no complaint is made on this appeal of either of said issues.

Counsel for defendant, appellant here, frankly says he is presenting only the question of the manner in which the court submitted certain of the issues of plaintiff's contributory negligence, along with the action of the court on his requested issues on the same subject.

Defendant has brought before us eight assignments of error and as many propositions based thereon, which complain of the thirty-fifth special issue submitted by the court, and his requested issues in lieu of that one so submitted. These are all based on the allegations of contributory negligence quoted above.

Special Issue No. 35, of which these assignments complain, reads:

"Do you find from a preponderance of the evidence that plaintiff while driving his automobile, discovered defendant and the automobile in which he was riding were in peril, a sufficient length of time before the collision in question, that by the exercise of ordinary care, and by the use of all the means at his command, consistent with safety of himself and his automobile, to have either stopped said automobile, or checked the speed thereof, or turned his said automobile to the right, after observing the perilous position of defendant and his automobile, to have avoided the collision in question?"

This issue was answered: "No."

Objection was made by defendant to the submission of the issue because it was duplicitous, in that more than one issue was made by the pleadings and evidence, and submitted in the one question as framed by the court.

Defendant presented and requested the giving of special issues which, if answered, would have determined (a) whether or not the plaintiff failed to exercise ordinary care in decreasing the momentum of his car after discovering the peril of the defendant's car, and (b) whether or not the plaintiff failed to exercise ordinary care in failing to stop his car within a reasonable time after discovering the position of the defendant's car. Along with these requested issues were the necessary inquiries: If the acts mentioned in the issues constituted negligence, and, if so, were they proximate causes of the injuries sued for.

We believe the assignments challenging special issue No. 35 and complaining at the refusal to give the requested issues are well taken and require a reversal of the cause.

█ That part of defendant's answer quoted above is in the form of what is known as a plea of "discovered peril"; the application of this principle is sought in the inverse order to that in which it is most frequently applied. It is seldom

that the defendant sees fit to plead that plaintiff discovered the perilous position of defendant at a time and under conditions, that by the exercise of ordinary care plaintiff could and should have averted the collision of which he complains. It has been held in this state that this rule is as applicable to the rights of a defendant as it is to a plaintiff. 30 Tex.Jur. p. 679, § 30; Id., p. 689, § 38. The last section of Tex.Jur. referred to says: "A recovery is not sustainable where it appears the victim, realizing the danger and being enabled by his own conduct to avoid injury, did not take the necessary preventative measures, but assumed that the defendant would perceive the peril and avert the catastrophe," citing Dirr v. S. A. & A. P. Ry. Co. (Tex.Civ.App.) 260 S.W. 1108.

We think the announcement of principles by the court in the last-mentioned case is sound, and can see no reason why the rule would not be available to a defendant the same as to a plaintiff. The plea of "discovered peril" is simply a shorthand way of laying a predicate for subsequent allegations of negligence or contributory negligence as the case may be. The same may be said of a general plea of "negligence" or "contributory negligence"; neither expression is sufficient within itself, but is to be followed with specifications by the pleader, which, if proven, would establish the plea.

A plea of discovered peril, followed up with specific allegations of facts, is, in its nature, limited; that is, the acts of negligence pleaded are limited to a particular time subsequent to the discovery of a given event. After the introduction of testimony tending to establish the facts alleged, the issue becomes one for the jury's determination.

■ We think the testimony offered was sufficient to raise the issue made by defendant's plea, and that the question should have been properly submitted to the jury.

On this point, the testimony shows both plaintiff and defendant were driving their automobiles on the highway outside of the city of Fort Worth, going in the same direction. Defendant testified that he expected to turn to his left and cross the highway with a view to turning back toward Fort Worth; that before attempting to turn, he looked back and saw plaintiff's car following him at a distance of about 150 feet; that he felt as though he had ample time to turn to the left before the approaching car would reach him and thus enable it to continue in the lane of traffic it was in at the time and to pass on his right; that he did so turn to his left and when his fore wheels reached the grass shoulder of the highway on the left-hand side, plaintiff's car struck defendant's car near its left front wheel and fender. The plaintiff testified he was following the car of defendant and at a distance of about two hundred and fifty feet of defendant's car, he sounded his horn, and when he was within about fifty feet of defendant's car, the latter suddenly turned to his left and cut into the highway ahead of plaintiff; he said he applied his brakes and did all he could to avoid the accident. Plaintiff said he knew when defendant turned to the left he was going to cross the highway.

Plaintiff's witness Reese testified that he was following plaintiff's car at a distance of about 300 yards; that plaintiff and defendant were each driving about 15 to 25 miles per hour and that plaintiff sounded his horn when about 100 yards from defendant's car; that plaintiff speeded up his car slightly, perhaps 5 miles per hour, just before the collision. The witness said the defendant did not increase his speed from the time he observed him until he attempted to turn across the road.

From this statement of the testimony it will be seen that plaintiff knew before the collision the defendant was crossing to the left hand side of the highway. There is some conflict in the testimony as to the distance between the parties when the defendant crossed the highway to the left; but it must follow that plaintiff then knew of the impending danger. It is after this discovery by plaintiff that defendant charges him with contributory negligence in failing to stop his car and in failing to lessen its momentum between that and the time when the collision happened.

■ The trial court considered the testimony sufficient to require the submission of the issue to the jury, and in this we think he was correct. However, as will be seen by issue No. 35, as submitted by the court, all of the alleged facts of contributory negligence raised by the pleas were included in the one question. The defendant timely objected to the issue as framed, upon the ground that it was duplicitous; his objection being overruled, he presented and requested to be given special issues submitting separately the al-

leged acts of contributory negligence. The form of these requested issues is not to be commended in all cases of alleged discovered peril, but they were sufficient, if answered, upon which to render a judgment. The requested issues were refused by the court, and certain of defendant's assignments of error are based on the ruling of the court.

■ Articles 2189 and 2190 (as amended by Acts 1931, c. 78, § 1 [Vernon's Ann. Civ.St. art. 2190]) Rev.Civ.Statutes, provide that when causes are submitted on special issues, each issue raised by the pleadings and evidence shall be submitted distinctly and separately. These requirements are mandatory, and when disregarded by a trial court, a reversal of the judgment rendered becomes necessary.

The question was discussed and the rule of law applicable in such cases was definitely settled by our Supreme Court· in case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, 521, where it was said:

"The statutes make it the duty of the court in trials by jury: First, to submit all the controverted fact issues made by the pleadings; second, to submit each issue distinctly and separately, avoiding all intermingling; and, third, to give such explanation and definition of legal terms as shall be necessary to enable the jury to answer each issue.

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to· recover, which she pleaded and proved." See, also, American Nat'l 'Ins. Co. v. LaBlue (Tex.Civ.App.) 45 S.W.(2d) 731; Texas & P. Co. v. Hancock (Tex.Civ.App.) 59 S.W.(2d) 313 (writ refused); Greer v. Thaman (Tex. Com.App.) 55 S.W.(2d) 519.

The facts discussed by the court in the Fox Case, supra, and the application of the rule announced, were similar in many respects to those before us, and the holding is conclusive, we think, of the rights of the parties here.

The particular acts of plaintiff alleged to have taken place after he discovered the situation as it existed immediately prior to ·the collision were alleged by defendant to constitute contributory negligence. If either fact alleged had been answered favorable to defendant, it would have presented a sufficient defense to plaintiff's suit, and he was entitled to have them each submitted in separate and distinct special issues.

■ It is contended by plaintiff that defendant's allegation being one ' of "discovered peril," the several acts of contributory negligence contained therein were merely evidentiary matters going to make up the fact · issue of "discovered peril," and that upon this theory ıt was not error for the court to group them as he did in a single issue. As we view it, this contention is not sound. In instances of discovered peril the element of time is a potent factor; if it be found as a fact, that sufficient time elapsed after a party knew a dangerous situation has arisen to enable him to prevent a catastrophe, by the use of all the means at his command consistent with his own safety and that of his property, it is his duty to use ordinary care to do so.

In the case before us, the facts are undisputed that plaintiff knew when defendant turned his car to the left, he expected to go across the highway. Defendant claims this condition arose a sufficient length of time prior to the collision to enable the plaintiff, by the exercise of ordinary care, to have avoided the collision by either stopping his own car or by slowing it down to a lesser rate of speed. Defendant sought to have the jury determine if either contention was true.

For the error of the court in refusing to submit in separate and distinct special issues the allegations of contributory negligence upon which· evidence was offered, we must reverse the judgment and remand the cause for another trial.

Reversed and remanded.