·CANTU v. SOUTH TEXAS TRANSP. CO.,
Inc.

No. 10381.

Court of Civil Appeals of Texas. Galveston.

Nov. 11, 1937.

Rehearing Denied Dec. 2, 1937.

Arthur J. Mandell, of Houston (Bernard A. Golding, of Houston, of counsel), for appellant.

Vinson, Elkins, Weems & Francis, C. M. Hightower, and E. E. Townes, Jr., all of Houston, for appellee.

GRAVES, Justice.

This appeal, in a suit brought by appellant against appellee for damages for personal injuries resulting from a collision of their respective automobiles, alleged to have been caused by the latter's negligence, is from a judgment in appellee's favor, entered by the trial court upon a jury's verdict in response to special issues submitted to it; the verdict had found both parties negligent in some respects, each of which constituted a proximate cause of the collision, that is to say, that appellee had failed to give warning of the backing up of its truck on the occasion, while the appellant had both failed to exercise ordinary care in not stopping his automobile until the appellee's truck had completed its turn in Canal street in the city of Houston, and had also failed to keep a reasonable lookout for the movements of the truck at the time.

In inveighing here against such adverse judgment to him below, the appellant, through the able and considerate Mr. Bernard Golding as his counsel, foregoes all other complaints, and thus in his brief limits his presentments upon the appeal:

"The writer, however, feels that the only question involved concerns that of discovered peril, and has, accordingly, limited this brief to such question. And too, the writer is inclined to the opinion that numerous Assignments of Error beget lengthy and tedious briefs, which, in turn, impose upon a three-judge court not only unnecessary labor, but labor which no intelligent human could expect them to discharge with dispatch.

"Appellant contends that not only the pleadings, but the evidence raise the issue of discovered peril, and by reason thereof, the Trial Court's failure to submit appellant's Special Issues on this score, requires a reversal of this cause."

This opinion, therefore, will likewise be so confined.

It will be noted from the quoted statement, as indeed also appears from the assignments, propositions, and recitations in the motion for a new trial below, the

sole question presented in this court is, whether or not the trial court's failure to submit to the jury the specific special issues affecting the claimed issue of discovered peril appellant tendered was reversible error; these issues were seven in number, but each and all of them omit one of the indispensable requisites of the defense of discovered peril, that is, actual discovery by the appellee of appellant's perilous position in time to have, by the exercise of ordinary care in using the means at hand, consistent with the safety of appellant's driver and truck, avoided the collision; they were, therefore, fatally defective and were properly refused. Northern Texas Traction Co. v. Singer (Tex. Civ.App.) 34 S.W.2d 920; Texas Electric v. Kinkead (Tex.Civ.App.) 84 S.W.2d 567, writ of error dismissed; Northern Texas Traction v. Weed (Tex.Com.App.) 300 S. W. 41; Northern Texas Traction v. Thetford (Tex.Com.App.) 44 S.W.2d 902; Gersdorf-Sloan Ambulance Service v. Kenty (Tex.Civ.App.) 46 S.W.2d 469; Woodward v. Murphy (Tex.Civ.App.) 29 S.W.2d 828, writ of error refused.

■ Were the complaint in this court one against the trial court's failure to charge at all upon that issue after a tender to it of these seven inquiries relating thereto, perhaps a different question would be involved; but since the challenge both below and here was specifically limited to a declination of the court to give the specific proposals submitted, the matter properly ends there; in the next place, it is not thought that, under all the settled authorities in Texas, either the appellant's pleadings or proof in the first instance properly raised the defensive issue in his behalf of discovered peril, in that his sole pleading touching it was this:

(1) "(g) In then and there negligently failing to use all reasonable means at hand or utmost efforts in that behalf, either or both, consistent with the safety of said truck, and the driver thereof, to avoid such collision after making actual discovery of the danger and eminence thereof, and that plaintiff driving said automobile was in a position of peril from which he could not, or probably would not extricate himself in time to escape from such collision."

The mere reading of this averment is sufficient to disclose the omission of the requisite affirmative statements that appellant was in a perilous position, that appellee discovered his plight of peril in time to have avoided the collision, by the exercise of ordinary care in using all the means at its hand consistent with the safety of its driver and truck after such discovery, and that its failure was the proximate cause of the collision; that the appellee failed to exercise ordinary care in such imminent circumstances, although it had in fact discovered such peril in time to have prevented the collision, had it done so.

Wherefore, the pleading failed to meet the requirements of our holdings in that behalf. Baker v. Shafter (Tex.Com.App.) 231 S.W. 349; Galveston H. & S. A. Ry. Co. v. Price (Tex.Com.App.) 240 S.W. 524; Ball v. Youngblood (Tex.Civ.App.) 252 S. W. 872; 30 Texas Jur. 791 (Negligence par. 119).

■ (2) The necessary evidence to make out a defense under the doctrine is much more plainly missing; in fact, since the doctrine of discovered peril has been held with us to be a two-edged sword cutting both ways, in other words, equally as applicable to the rights of a defendant as it is to those of a plaintiff [Charbonneau v. Hupaylo (Tex.Civ.App.) 100 S.W.2d 745], the proof here rather shows a defense in favor of the appellee on that doctrine, because the appellant rather than the appellee appears to have discovered his own peril and should himself have avoided it and prevented the collision; not only did the jury on sufficient evidence find him guilty of contributory negligence in the two particulars noted supra, but, under the uncontroverted testimony in his own behalf, he saw the appellee's truck making the effort to turn in Canal street when quite a distance from it as he approached, but did not himself stop, which he could have done at any time; contenting himself, instead, with extending his left hand out of his car, thereby signaling his own intention to stop, saying he thought the truck driver was going to stop, going on all the while himself in the effort to pass behind the truck.

On the other hand, as affects the appellee, there is no evidence reasonably tending to show that its driver (or the helper on the truck with him) either discovered or realized the appellant's position of peril, or any intention on his part to place himself in such a position, until just prior to the collision itself; the purport of the evidence as a whole, on the contrary, strongly if not conclusively tends to show that the truck driver's helper, on discover-

ing that the appellant probably would not stop as his outstretched arm had so indicated, promptly called to the truck driver to stop, and that the latter immediately did so; in fact, the stop was so sudden that the main damage done by the impact was that to the appellant's protruding elbow, his car having proceeded on past the truck and further down the street.

In this state of the proof as a whole, without further detailing it, the showing made is clearly insufficient to give the appellant any comfort from the alleged failure of the appellee to protect him in the predicament he thus declared upon, if indeed it did not so affirmatively operate against him in favor of the other party. Gersdorf-Sloan Ambulance Service v. Kenty (Tex. Civ.App.) 75 S.W.2d 903; San Antonio & A. P. Ry. Co. v. McMillan, 100 Tex. 562, 102 S.W. 103, reversing (Tex.Civ.App.) 98 S.W. 421; Missouri K. & T. Ry. Co. v. Eyer, 96 Tex. 72, 70 S.W. 529; Texas & N. O. Ry. Co. v. Wagner (Tex.Civ.App.) 262 S.W. 902; San Antonio & A. P. Ry. Co. v. Singletary (Tex.Civ.App.) 251 S.W. 325; Huntley,v. Psimenos (Tex.Civ.App.) 67 S.W.2d 350, writ of error dismissed; Jewell v. El Paso (Tex.Civ.App.) 47 S.W. 2d 328, writ of error dismissed; Charbonneau v. Hupaylo (Tex.Civ.App.) 100 S.W. 2d 745; Northern Traction v. Thetford (Tex.Com.App.) 44 S.W.2d 902.

In conclusion, it is thought the essence of the appeal is correctly outlined in this summary from the appellee's brief:

"The only finding of negligence and proximate cause against the appellee was that it failed to give warning of the backing of the truck; that, though found by the jury to have been a proximate cause of the collision, could not furnish grounds for appellant's recovery, because, as held in the Gause-Ware Funeral Home v. McGinley Case (Tex.Civ.App.) 21 S.W.2d 347, appellant had theretofore seen appellee from a considerable distance and proceeded on his way, merely on the assumption that appellee would stop to permit his passage, even though at the same time appellant signalled his own intention to stop. In other words, there is no jury finding against appellee material to a judgment.

"The cases cited by appellant in his brief, bear out appellee's contention that the time-element is the crucial issue in discovered peril cases; that is, that the complaining party's perilous position must be discovered in time for the defendant to have avoided the collision. As has been hereinbefore exhibited, the evidence not only fails to show that lapse of time necessary, but, on the contrary, affirmatively shows that such discovery by appellee was not made in time to have avoided the collision.

"Appellant has neither pled nor proved the most essential of all elements in discovered peril cases, to-wit: the time-element mentioned, nor has he affirmatively pled or proved any other constituent of the doctrine of discovered peril. Further, the issues requested by appellant do not cover that all-important element of time, and, inasmuch as appellant does not complain of the trial court's failure to properly submit the theory or doctrine of discovered peril, there is nothing before this court which could form basis or grounds for action other than to affirm the judgment of the trial court."

The judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.