## HORNSBY et al. v. HOUSTON ELECTRIC CO.

### No. 10655.

Court of Civil Appeals of Texas.
Galveston.

Feb. 2, 1939.

Rehearing Denied Feb. 23, 1939.

Hornsby & Hornsby, of Austin, and Allen, Helm & Jacobs, of Houston, for appellants.

J. C. Hutcheson, 3d, and Dillon Anderson, both of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought in the district court of Harris County by Henry L. Hornsby, individually, and his minor son, Henry Claude Hornsby, through him as next friend, appellants, against the Houston Electric Company, appellee, for damages growing out of personal injuries sustained by Henry Claude Hornsby as a result of being struck by a bus operated by the Houston Electric Company.

On the morning of March 3, 1934, the minor appellant, Claude Hornsby, was riding his bicycle in a westerly direction along McKinney Avenue in the City of Houston when he was struck and seriously injured by a passenger bus operated by the Houston Electric Company, travelling in the same direction, in an attempt by the driver of the bus to pass the minor appellant. The evidence shows that the driver of the bus saw Claude Hornsby and proceeded behind him along McKinney Avenue for a distance of from 75 to 100 yards before the collision, and that he sounded his horn before he attempted to pass the boy; that immediately prior to the collision, Claude Hornsby, without giving any warning of his intention to do so, turned his bicycle to the left into the course of the on-coming bus; that the driver of the bus, in an unsuccessful attempt to avoid the collision, applied his brakes and turned his bus sharply to the left. This is borne out by the fact that the handle-bar of the bicycle on which Claude Hornsby was riding broke the glass in the

entrance door on the right-hand side of the bus near the front.

Appellants alleged that Claude Hornsby's injuries were caused by various acts of negligence on the part of the driver of the bus. Appellee answered by general demurrer, general denial, and specially pled contributory negligence on the part of Claude Hornsby in various particulars.

The cause was tried to a jury, who, in answer to issues submitted on the primary negligence of appellee and the contributory negligence of minor appellant, Claude Hornsby, found, in substance, that both were guilty of acts of negligence which were proximate causes of minor appellant's injuries. On this verdict the court rendered judgment in favor of appellee. The court refused to submit to the jury five issues on the theory of discovered peril requested by appellants.

■ It is the contention of appellants that the pleadings and evidence in the case raised the issue of discovered peril and that the court should have either submitted to the jury the five issues on this theory of the case requested by them, or, in the event the issues requested were erroneous, that then the court should have prepared and submitted to the jury proper issues on discovered peril.

We are unable to agree with this contention. In the first place, the record does not show any evidence reasonably tending to prove that the driver of the bus either discovered or realized that Claude Hornsby was in a position of peril, or that he might place himself in such position, until immediately prior to the collision, at which time he applied his brakes and turned his bus sharply to the left in an effort to avoid the collision. Under the above state of facts, the court was not in error in refusing to submit issues on the theory of discovered peril. Cantu v. South Texas Transportation Co., Tex.Civ.App., 110 S.W. 2d 995; Huntley v. Psimenos, Tex.Civ. App., 67 S.W.2d 350; Gersdorf-Sloan Ambulance Service v. Kenty, Tex.Civ.App., 75 S.W.2d 903; San Antonio & A. P. Ry. Co. v. McMillan, 100 Tex. 562, 102 S.W. 103.

■ Further, even if the evidence had justified the submission of issues on the theory of discovered peril, the issues requested by appellants on this theory of the case are fatally defective, in that no judgment could have been entered for appellants on the answers to said issues, for the reason that while issue No. 4, which inquired: "Do you find from a preponderance of the evidence that the *failure* (emphasis ours) of the bus driver to exercise all of such means was negligence as that term is herein defined?", no issue as to whether or not there had been a failure on the part of the driver of the bus to exercise the proper degree of care had been requested by appellants, or submitted, and said issue No. 4 assumed that the driver of the bus had failed to exercise the proper degree of care.

As stated by this court in the case of Hohlt Co. v. Routt, Tex.Civ.App., 48 S.W. 2d 386, 388: "The trial court might just as well have said to the jury: 'The defendant failed to use that degree of care which a person of ordinary prudence would have used under the same or similar circumstances. * * * Was it or was it not negligence on the part of the defendant?' Missouri, K. & T. Ry. Co. v. Wolf, 40 Tex. Civ.App., 381, 89 S.W. 778; Hines v. Popino (Tex.Civ.App.) 235 S.W. 1095."

■ We are unable to sustain the further contention of appellants that the pleadings and evidence having raised the issue of discovered peril, the court should have either submitted to the jury the issues on this theory of the case requested by them, or, in the event the issues requested were erroneous, that the court should have prepared and submitted to the jury proper issues on discovered peril.

The record discloses that on the refusal of the court to submit their requested issues, appellants not only did not request the court to prepare in proper form and submit issues on the theory of discovered peril, but they did not except to the court's failure to do so. Further, they bring no assignments of error to this court to the action of the trial court in failing to submit proper issues. Under this state of the record, there is nothing under this contention of appellants for this court to review. Beaumont, S. L. & W. Ry. Co. v. Schmidt, 123 Tex. 580, 72 S.W.2d 899; Armour & Co. v. Tomlin, Tex.Com.App., 60 S.W.2d 204; Wichita Falls, Ranger & Fort Worth Ry. Co. v. Combs, Tex.Com.App., 268 S.W. 447; Crawford v. El Paso Sash & Door Co., Tex.Com.App., 288 S.W. 169.

■ Appellants assign error in the action of the court in admitting the testimony of W. L. Acrey, over their objection that said testimony was immaterial and irrelevant. On cross-examination Claude Hornsby testified that he had no recollection of a

348

warning given him by Mr. Acrey as to the manner in which he was riding his bicycle, and as to certain events which, appellee claimed, had transpired within an hour before the accident.

The testimony in question was introduced by appellee for the purpose of impeaching the above testimony of Claude Hornsby and showing that such events had actually happened, and was expressly limited by the court to that purpose. Mr. Acrey testified that not more than an hour before the accident he had warned Claude Hornsby, in effect, to be more careful in riding his bicycle, and that on the same morning Claude Hornsby was almost struck by two different automobiles.

This testimony was admissible for the purpose for which it was introduced, under the rule laid down by the Supreme Court in the case of Evansich v. Gulf, C. & S. F. Ry. Co., 61 Tex. 24. Judge Stayton in his opinion in this case holds that facts inquiring into the credibility of a witness or his testimony are relevant for impeachment purposes, whether they go to his disposition to tell the truth, his want of opportunity to know the truth, his bias, interest, want of memory, or other like facts. 45 Tex.Jur. page 10.

Testimony of a like character has been held to be admissible for impeachment purposes in the following cases: Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Tex. 63, 93 S.W.1068; Southland Life Ins. Co. v. Norton, Tex.Civ.App., 297 S.W. 1083; Jackson v. State, Tex.Cr.App., 10 S.W.2d 560; Roberts v. State, 117 Tex.Cr.R. 418, 35 S.W.2d 175.

Appellants further assign error in the action of the court in refusing to grant a new trial on the grounds of misconduct of the jury during its deliberations on its verdict. They alleged that one of the jurors made certain statements relative to the conduct of other boys on bicycles, and that another juror stated that appellants could recover even in the event they found Claude Hornsby guilty of contributory negligence.

On the hearing of appellants' motion for a new trial nine of the jurors who sat on the case were placed on the witness stand and interrogated as to what had transpired in the jury room during their deliberations. The trial court, after hearing testimony of the jurors, both sustaining and denying appellants' contentions, overruled appellants' motion for a new trial and by so doing found, in effect, that no misconduct had occurred as contended by appellants.

The rule is well settled in this State that, where a trial court hears the testimony of jurors on an issue of misconduct alleged to have occurred during the jury's deliberations on its verdict, he is accorded the same latitude in passing upon the credibility of the witnesses and the weight to be given their testimony as the jury had upon the original trial of the case, and that his action in overruling a motion for new trial, when supported by evidence, constitutes a finding against appellants' contentions that the misconduct alleged occurred. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, and authorities cited therein.

For the reasons above stated, the judgment of the trial court will be in all things affirmed.

Affirmed.