**LIBERTY MUT. INS. CO. v. CONNELL.**

**No. 12433.**

Court of Civil Appeals of Texas.
Galveston.

June 26, 1952.

Rehearing Denied July 17, 1952.

Kemper & Wilson, Houston, and Karl E. Kraft, Houston, of counsel, for appellant.

Helm & Jones, Shirley M. Helm, Albert P. Jones, Houston, for appellee.

GRAVES, Justice.

This appeal is from a $9,028.96 judgment of the 133rd District Court of Harris County, Hon. Wilmer B. Hunt, Judge presiding, sitting with a jury, entered, in part upon the jury's findings on special issues submitted to it, and in part upon independent findings from the evidence by the court itself.

The suit was filed by appellee against the appellant to recover compensation benefits to himself under Sec. 10, Art. 8306, R.C.S., as for an injury to his body he alleged he received on November 12th of 1949, while working for his employer, the Wright Manufacturing Company, for which the appellant was the compensation carrier.

There are only two over-all questions of law presented to this Court for decision, the boiled-down reaches of which urge these two major derelictions below:

First: While, as recited, the appellee declared upon the injury, made the basis of the action, to have been sustained by him on November 12th of 1949, he did not file his claim for compensation therefor before the Industrial Accident Board of Texas until August 23, 1950, which was more than six months thereafter, hence came too late, under R.C.S. Art. 8307, Sec. 4a, Vernon's Ann.Civ.St. art. 8307, § 4a, nor did he show a "good cause" for such delay, and thereby bring himself within the provisions of

such Sec. 4a, Art. 8307, R.C.S., Vernon's Ann.Civ.St. art. 8307, § 4a, providing the waiver of a strict compliance with the statutory limitation so governing such claims.

Second: Reversible jury misconduct occurred upon the trial, in that the juror, L. A. Cockroft, (1) upon his voir dire examination, wrongfully failed to reveal that he had, prior thereto, personally had such a claim as the one involved in this litigation against insurance companies; and, (2) " * * * made it a point to and did observe the appellee upon the streets of the City of Houston during the progress of the trial, and was convinced by such observation that appellee was injured, when such fact constituted a material issue in the case."

Neither of appellant's over-all contentions, it is determined, should be sustained.

■ As to the first of them, the only issue, since the appellee plead that he had not filed his claim with the Accident Board until nine months after the declared upon injury to himself had occurred, and since the appellant, in its turn, had denied, under oath, that appellee had good cause, or that any existed, for the latter's failure to file his claim within the six months prescribed, left—hence the only one raised by both the pleadings and the testimony—was the one of fact, as to whether good cause, within the meaning of the statute, did exist.

In addition to their stated pleadings, both parties presented extended testimony on that issue of fact, between them, and the trial court literally cross-examined the jury as to what the evidence showed thereon, in submitting every phase of it to them in its Special Issues Nos. 21 to 24, inclusive.

These inquiries, in brief substance, asked whether: (1) the appellee was advised by Dr. Moody, to whom he had been sent by his employer, that he had not—and would not have—any serious disability from his injury; (2) if he did, then, did appellee rely upon such advice of Dr. Moody; (3) did such reliance, if any, cause appellee not to file his claim for compensation until the time it was filed, on August 23rd of 1950; (4) did appellee's reliance on Dr.

Moody's representations, if he had done so, constitute "good cause", within the meaning of the cited statute, for his not having filed his claim sooner?

While there were sharp differences between the parties as to what the testimony showed concerning the controversy over whether or not the appellee had had a good cause as he so claimed for failing to file his claim before he did, the question was clearly one of fact, and as such the issues so given to the jury by the trial court, in sum, asked them whether a man of ordinary prudence in the same circumstances as the appellee was, would have done as he did; the jury answered each and all of such inquiries in the appellee's favor, and it is the holding of this Court that the evidence sufficiently supported each and all of them.

■ In such circumstances, it is well settled, under our authorities, that this Court is without authority to disturb the jury's verdict in appellee's favor.

Indeed, this Court's recent holding in the case of Employers Reinsurance Corporation v. Mueller, Tex.Civ.App., 245 S.W.2d 376, in a cause practically upon all fours with this cause, is held to be determinative of the issue here involved. Apparently about the only difference in the factual situations of the two causes was that Mueller was required to continue under the care of the Company's physician, while the appellee in this instance had not been. See also these further authorities: Hawkins v. Safety Casualty Company, 146 Tex. 381, 207 S.W.2d 370, Texas Employers Insurance Association v. Fowler, Tex.Civ.App., 140 S.W.2d 545. writ of error refused.

Appellant's fourth and fifth points, as summarized, supra, complaining of alleged misconduct of the juror, L. A. Cockroft, are thus challenged by the appellee, as not having been raised by the appellant's motion for new trial below: "The 30th Ground of the Amended Motion for New Trial complains only of the failure of the juror Cockroft to reveal the fact that, prior to his selection as a juror in the case at bar, he had asserted a claim against an insurance company and received in set-

tlement the sum of $6500.00. Nothing else is complained of therein. Ground 35 of said Motion complains of the failure of this juror to reveal the fact that he then had a damage suit pending in a District Court of Harris County. * * * counsel now seeks to have this Honorable Court consider matters which were not presented in its motion and which are plainly outside 'of and beyond its scope."

A close reading of the cited provisions of the amended motion for a new trial of the appellant below seems to restrict appellant's claims as so contended for by the appellee; the record shows that the whole question of the challenged conduct of the juror, Mr. Cockroft, was fully reviewed by the trial court, inclusive of the question of whether or not it would or might have exercised a challenge against that member as a juror. Counsel for the appellee, it is shown, contended before the trial court that it could not properly consider any matter which had not been assigned as error in the appellant's amended motion for a new trial, and presumably, at least, the trial court agreed with that contention, since it overruled the appellant's motion for a new trial there.

In view of the extended hearing held by the trial court upon all phases of this controversy in its consideration of the appellant's amended motion for a new trial, this Court considers itself bound by its action in having so refused a rehearing.

■ Under well settled authorities, it was vested with wide latitude in such a proceeding. Monkey Grip Rubber Company v. Walton, 122 Tex. 185, 53 S.W.2d 770; Hornsby v. Houston Electric Company, Tex.Civ.App., 125 S.W.2d 346, Galveston, application for writ of error dismissed, correct judgment.

Indeed, the appellee's answering position upon these points of error is that since the trial court, i. e. the 133rd District Court of Harris County, was subject to Rule 330, Texas Rules of Civil Procedure, it was within the province of the trial court not to entertain appellant's amended motion at all. Independent Life Insurance Company v. Work, 124 Tex. 281, 77 S.W.2d 1036.

■ Without further discussion, these further authorities are cited in support of the ruling that the trial court's action upon this phase of the controversy may not properly be held to have been reversible error: Glass v. Houston Singing Society, Tex.Civ.App., 192 S.W.2d 300; Quinn v. Wilkerson, Tex.Civ.App., 195 S.W.2d 399; Bradley v. Tex. & Pacific Ry. Co., Tex.Com.App., 1 S.W.2d 861; Houston Electric Company v. Pearce, Tex. Civ.App., 192 S.W. 558, writ of error refused; Belt v. Texas Company, Tex.Civ. App., 204 S.W.2d 653, writ of error refused, n. r. e.; Galveston Electric Company v. Hanson, Tex.Civ.App., 187 S.W. 533.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.