### FERNANDEZ v. RAHE.
### No. 4030.

Court of Civil Appeals of Texas. Amarillo.
May 17, 1933.

Rehearing Denied June 21, 1933.

J. O. Calvert, of Austin, and Chas. J. Lieck, of San Antonio, for appellant.

Alvin P. Mueller, of Seguin, for appellee.

JACKSON, Justice.

The appellant, by his father as next friend, Gorgonio Fernandez, instituted this suit in the district court of Bexar county against the appellee to recover damages for personal injuries which he alleged he had sustained on account of the negligence of appellee.

The appellant alleged that on September 20, 1931, he was a minor approximately 9 years of age, and while standing in Colorado street in San Antonio, near the curb, he was struck by, an automobile owned by appellee and driven by his son, Elmer Rahe; that the driver was operating the car at a negligent rate of speed, failed to keep a proper lookout or have the car under control or give appellant warning of the approach thereof; that he discovered appellant's position of peril in time to have avoided the collision by the means at hand if he had exercised ordinary care to slow down, stop, or turn the automobile aside, all of which he failed to do; that each of said acts were separate acts of negligence, and each directly caused or contributed to appellant's injuries. He sufficiently pleads his injuries, physical pain, and mental anguish, and asks damages in the sum of $7,500.

The defendant answered by demurrers, general denial, unavoidable accident, and alleged that the appellant at the time of the accident was on and playing in Colorado street, a public street of San Antonio upon which there was much traffic, and was hidden from the view of appellee and the driver by cars, and ran into the automobile of appellee, which acts constituted contributory negligence; that appellee carried the appellant to the Santa Rosa Hospital, where he had him treated, furnished him with all necessary medical and hospital attention, for all of which appellee paid.

In response to special issues submitted by the court, the jury found, in effect, that the driver of the car was not negligent in failing to give appellant warning of the approach of the automobile; that he kept a proper lookout to discover the presence of other persons using the street; that he failed to slow down, but such failure was not negligence; that appellant was in the portion of the street usually used by vehicles and was guilty of negligence in occupying such position; that such negligence was the proximate cause of his injuries; that he ran out from between two cars and in front of appellee's car, which was negligence and the proximate cause of his injuries; that under all the facts and circumstances the driver was not operating the automobile at an excessive rate of speed; that the accident was not unavoidable and appellant was not damaged.

In response to a special issue requested by appellant, the jury found that the driver of the automobile kept it under control as it approached the point of collision.

On these findings the court rendered judgment against appellant, and he appeals.

The appellant assails as error the failure of the court to submit to the jury the issue of discovered peril.

He pleaded discovered peril, objected to the court's charge because it failed to submit that issue to the jury, and properly requested a special issue submitting discovered peril. His objection to the court's charge was overruled, and his requested issue refused.

"If, discarding all adverse evidence and giving credit to all evidence favorable to the plaintiff and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of plaintiff" on discovered peril, such issue should have been submitted to the jury. Stinnett v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 38 S.W. (2d) 615. See also Jones et al. v. Jones (Tex. Civ. App.) 41 S.W.(2d) 496, 497; Gross v. Shell Pipe Line Corporation (Tex. Civ. App.) 48 S.W.(2d) 377.

Several witnesses testified that appellant was standing in the street close to the sidewalk at the time the accident occurred and that they saw the automobile approaching. One witness stated he saw the car fifteen feet, one that he saw it twenty feet, and another that he saw it some fifteen or twenty steps from the appellant before the collision occurred. These witnesses all testified that the street was clear and that there was nothing between the automobile and appellant to obstruct the view of appellee or the driver. The appellee and his son both testified they were traveling about ten miles an hour, and the son stated that he stopped the automobile in a foot and a half or two feet after the automobile struck the appellant, whom he first saw about four or five feet from the car.

The facts offered by appellant show that the appellee and his son had a clear and unobstructed view of his position on the street as the automobile approached him.

"It has long been the law of this state that discovered peril may be established by circumstantial evidence, even against the direct testimony of the operatives of the train." Texas & N. O. R. Co. v. Goodwin (Tex. Civ. App.) 40 S.W.(2d) 182, 188.

In Brown v. Griffin, 71 Tex. 654, 9 S. W. 546, 547, it is said: "It is complained that the court erred in charging, in effect, that the plaintiff could recover, although he put himself in a position of danger, if the person in charge of the engine saw him in time to warn him of danger by giving the signal, and he failed to do it. It is claimed that there was no evidence to warrant this charge. Upon the theory that the jury were bound to believe the fireman who swore he did not see plaintiff, this may be true. But the

proof is that he was upon the engine, operating it, and that there was nothing in front of it to obstruct his view of the track. The jury might have presumed from this that he did see the plaintiff."

In Hines, Director General of Railroads, v. Arrant (Tex. Civ. App.) 225 S. W. 767, 769, the court uses this language: "Was the evidence sufficient to justify the jury in finding that the engineer saw the appellee's peril in time to have avoided the collision? The testimony warranted the inference that the engineer was looking ahead to ascertain if the crossing was clear, and that there was no obstruction to prevent him from seeing the appellee as he neared the crossing. While the engineer testified that he did not see the appellee's danger until the latter was on the track, there were circumstances which indicated that he did. If he was keeping a lookout as he says he was, it is difficult to understand how he could have failed to see an automobile approaching and close to the crossing in time to give a warning by blowing the whistle or ringing the bell."

In the instant case the jury found that the driver kept a proper lookout and had the car under control.

In our opinion discovered peril was raised by the testimony, and, having been pleaded as a cause of action, it should have been submitted to the jury.

Appellant presents other assignments attacking the form in which certain issues were submitted, the failure of the court to define certain expressions used in the issues, the insufficiency of the pleading to authorize the submission of certain issues, and the assumption of certain controverted facts by the court in his charge.

We deem it unnecessary to discuss these assignments because, if error is presented in any of them, it will probably not occur on another trial.

The judgment is reversed, and the cause remanded.