## HALL v. WEAVER.

### No. 3468.

Court of Civil Appeals of Texas. El Paso.

Feb. 4, 1937.

Rehearing Denied Feb. 25, 1937.

1036

Fahey & Cooper and Frank G. Dyer, all of Houston, for appellant.

Blanchard & Woodul, Ernest H. Folk, and Walter F. Woodul, all of Houston, for appellee.

HIGGINS, Justice (after stating the facts as above).

In view of the finding that plaintiff was guilty of contributory negligence in failing to keep a proper look-out, it is apparent the judgment awarding damages to plaintiff is based upon the issue of discovered peril.

Appellant questions the sufficiency of the evidence to raise such issue, but this is without merit.

Defendant denied he saw plaintiff before the collision, but his denial is not conclusive of the issue. Under the evidence, the jury was abundantly warranted in disbelieving such denial and returning an affirmative answer to question 25, under the holdings in Brown v. Griffin, 71 Tex. 654, 9 S.W. 546; Hines v. Arrant (Tex. Civ.App.) 225 S.W. 767; St. Louis Southwestern Ry. Co. v. Anderson (Tex.Civ. App.) 206 S.W. 696; Texas & N. O. Ry. Co. v. Goodwin (Tex.Civ.App.) 40 S.W. (2d) 182; Fernandez v. Rahe (Tex.Civ. App.) 61 S.W.(2d) 529; and Southland Greyhound Lines v. Richards (Tex.Civ. App.) 77 S.W.(2d) 272.

Appellant objected to question 25 upon the ground it did not submit all of the essential elements of the doctrine of discovered peril. The overruling of such objection is here complained of.

It is further contended the judgment cannot be sustained upon such doctrine because there are no findings that defendant was guilty of negligence proximately causing the injury in failing to avoid striking plaintiff after defendant discovered and realized plaintiff's dangerous position and the danger of striking him; that by his failure to request such issues of negligence and proximate cause, the plaintiff waived the same under the rulings in Dallas Hotel Co. v. Davison (Tex.Com.App.) 23 S.W.(2d) 708, and International Great Northern Ry. Co. v. Casey (Tex.Com. App.) 46 S.W.(2d) 669, wherein the doctrine of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(.2d) 1084, was applied to the issues of negligence and proximate cause.

It is true question 25 did not embrace all of the essential elements of the doctrine of discovered peril [see Gersdorf-Sloan Ambulance Service v. Kenty (Tex. Civ.App.) 46 S.W.(2d) 469, and cases there cited], and properly so, for to have done so would have rendered the issue duplicitous. The court therefore did not err in not submitting in the question all of the elements of discovered peril.

The other point presented, as above stated, is also without merit.

The finding in response to question 25 establishes defendant discovered and realized plaintiff's peril at a time when defendant could have avoided striking plaintiff with safety to himself and vehicle by using the means at hand. If defendant had swerved his car to the right around plaintiff, or had stopped his car, the collision would not have occurred. Defendant did neither, and findings 21, 22, 23, and 24 establish that in failing so to do he was guilty of negligence proximately causing the accident. These findings, with the undisputed evidence showing that defendant did not steer his car around plaintiff or stop in time to avoid striking plaintiff, supply all of the facts omitted from question 25 and essential to establish defendant's liability under the doctrine of discovered peril.

Findings 21 to 24 were insufficient of themselves to support a recovery because of the finding of contributory negligence. The latter finding is immaterial upon the issue of discovered peril. Dallas Ry. & Terminal Co. v. Bankston (Tex. Com.App.) 51 S.W.(2d) 304. Findings 21 to 25, both inclusive, support the judgment under doctrine of discovered peril.

It is urged question 25 was improper because it assumed plaintiff was in a dangerous position, thereby withdrawing that question from the jury, and constituted an implied comment on the weight of the evidence. The objection made in the lower court reads: "The same constitutes a comment on the weight of the evidence, in that it assumes as a fact that plaintiff was in a dangerous position when that is one of the disputed facts in this case, it being the contention of the defendant, and there being evidence to show that plaintiff was not in a dangerous position, if he had exercised ordinary care."

The objection urged here is broader than that made in the lower court. The objection in the lower court itself impliedly assumed plaintiff was in a dangerous position, but it was dangerous because plaintiff had not exercised ordinary care, thus injecting into the objection the issue of contributory negligence which was immaterial. For such reason alone, the objection presented to the lower court was not well taken.

Furthermore, the evidence indisputably shows the plaintiff was in a dangerous position immediately before he was struck.

Appellant refers to no evidence showing or tending to show he was not in a dangerous position just before the impact. There was no evidence he dodged or jumped in front of the approaching car. The fact that he was struck by the front end of defendant's car as he was crossing the street leaves no doubt that just before the impact he was in a dangerous position. Texas E. S. Co. v. Anderson (Tex.Civ.App.) 55 S.W.(2d) 142. In that conclusion, reasonable minds could not differ, and the court did not err in so assuming.

Other propositions relate to alleged errors in issues 6 and 8.

The judgment does not rest upon the findings made in response to those issues. The errors alleged, if well taken, are harmless in view of the findings upon the issue of discovered peril.

Affirmed.