## VONTSTEEN et al. v. ROLLISH et ux.
### No. 10888.

Court of Civil Appeals of Texas. Galveston.

Nov. 9, 1939.

Rehearing Denied Nov. 29, 1939.

Lockhart, Hughes & Lockhart and H. C. Hughes, all of Galveston, for appellants.

Armstrong, Cranford, Barker & Bedford, Owen D. Barker, Frank B. Nussbaum, and James A. Piperi, all of Galveston, for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action brought by appellee Eugene Rollish, individually, and for the use and benefit of his wife, Blanche Rollish, against appellants, John E. Vontsteen and Ohlhausen Dredging Company, to recover damages alleged to have been sustained as a result of the negligent operation of an automobile driven by the said John E. Vontsteen which resulted in the death of their son, Robert Erwin Rollish, about two years of age.

The suit arose out of a collision which occurred in the City of Galveston on November 28, 1937, between an automobile being driven by appellee Eugene Rollish, in which Blanche Rollish and Robert Erwin Rollish were also riding, and an automobile owned by the Ohlhausen Dredging Company, being driven by appellant John E. Vontsteen, who was at that time employed by appellant Ohlhausen Dredging Company. Appellee was proceeding in a northerly direction on 61st Street in the City of Galveston when he arrived at or near the intersection of 61st Street with State highway No. 6, with the intention of entering said highway and of proceeding in a westerly direction thereon. The collision occurred off of the concrete portion of the highway a short distance west of its intersection with 61st Street. Robert Erwin Rollish died as a result of the injuries received in such collision.

Appellee alleged that he was approaching said highway at a slow rate of speed when he observed the automobile being driven by appellant John E. Vontsteen leave the concrete portion of said highway, at a point considerably west of said intersection, in a manner indicating that said automobile would collide with his automobile; that in order to avoid the collision, he swerved his car to the left to reach the ditch before being struck by said automobile, but that by reason of the negligence of said appellant the automobile being driven by him collided with appellee's automobile, and because of the force of said impact the infant, Robert Erwin Rollish, received injuries which proximately resulted in his death a short time thereafter. Appellee

alleged numerous specific acts of negligence on the part of appellant John E. Vontsteen, claimed to amount to negligence proximately causing the collision.

Appellants answered by general demurrer and general denial. They alleged that said collision was brought about solely by various acts and omissions on the part of Eugene Rollish, which they claimed amounted to contributory negligence.

The case was tried before a jury, who, in answer to special issues submitted, found, among other facts, that appellant John E. Vontsteen, at the time of said collision, was driving his automobile at an excessive rate of speed under the circumstances; that in so doing he was guilty of negligence, and that such negligence was a proximate cause of the collision. The jury found further against appellants on all issues involving the doctrine of discovered peril, including an issue to the effect that the failure of appellant John E. Vontsteen to use ordinary care to avoid said collision was the cause of the collision, and of the death of said Robert Erwin Rollish. The jury found that appellee was not guilty of negligence in any of the particulars alleged by appellants. Based on this verdict, the court rendered judgment in favor of appellee and against appellants in the sum of $4,101.

The controlling questions involved in this appeal are, first, whether there is support in the evidence for the submission of the issues involving the doctrine of discovered peril, and, second, whether there is sufficient evidence in the record to support the jury's findings thereon.

The rule, in passing on the question as to whether there was evidence to take to the jury the issues of discovered peril, is that if, disregarding all adverse evidence and giving credit to all evidence favorable to the party in whose favor the verdict has been rendered, and indulging every legitimate conclusion favorable thereto which might have been drawn from the facts proved, a jury might have found in favor of said party in answer to issues involving discovered peril, such issues should have been submitted to the jury. Thurmond et al. v. Pepper et al., Tex.Civ.App., 119 S.W.2d 900; Stinnett v. Gulf C. & S. F. R. Co., Tex.Civ.App., 38 S.W.2d 615; Fernandez v. Rahe, Tex.Civ.App., 61 S.W.2d 529; Jones v. Jones, Tex.Civ. App., 41 S.W.2d 496; Gross v. Shell Pipe Line Corp., Tex.Civ.App., 48 S.W.2d 377;

International & Great N. R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506; Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S.W. 139.

A summary of the evidence shows that appellee Rollish testified that as he approached highway No. 6, he was unable to cross on account of cars going in both directions, and as he turned left down the highway toward Houston in order to get across he had a collision with a car coming from Houston. He testified that he saw this car approaching some 80 feet away and estimated that it was traveling at the rate of between 55 and 60 miles per hour; that he was traveling at the rate of 12 miles per hour; that the car pulled off of the highway and came down the south side and struck his car; that at the time he first saw said automobile there was no car between the two cars. That he was trying to get to the ditch to keep from getting struck by the Vontsteen car.

Appellee Mrs. Blanche Rollish testified that when they approached the intersection of 61st Street and state highway No. 6, she saw the car being driven by appellant John E. Vontsteen coming down the shoulder of highway No. 6 and that Mr. Rollish turned to the left to the ditch trying to avoid being struck by the car; that at the point where they started swerving to the left, the Vontsteen car was 100 or more feet away on the shoulder of the highway; that there was an open road on the left-hand side of the concrete between Vontsteen and Rollish, and nothing to make Vontsteen get out on the shoulder.

Appellant John E. Vontsteen testified that he was going in to town to obtain some repair parts for machinery; that he was traveling at the rate of between 40 and 50 miles per hour; that as he approached 61st Street he saw a car coming out from behind a service station at the rate of about 30 miles per hour; that they did not slack their speed or make any attempt to stop at the intersection, but got on to the pavement, and that he immediately moved his car onto the shell shoulder in order to give said car the right of way, but that the car turned to the left and headed for the ditch directly across his path; that he applied his brakes hard and tried to get back on the pavement and ease the shock of contact, but that the car struck his car on the right-hand side; that he was about 75 feet away when he saw said car leaving the concrete; that he

applied his brakes prior to that time to bring himself down to the lower speed, and that after said car started across his path he applied his brakes hard. The witness testified that when he first saw this car approaching he appreciated the fact that the car was approaching the highway too rapidly; that he knew that there was not room on the highway for all the cars unless he stopped or fell back and that this prompted him to slow down and get on the shoulder; that the two cars were about 125 feet apart when that happened. The witness testified that his brakes were in good condition before the accident.

C. M. Daily, a witness for appellants, testified that he observed the skid marks of the Vontsteen car up to the point of collision; that they were about 10 feet in length. He testified that a car with brakes similar to those on the Vontsteen car, travelling at the rate of 40 miles per hour, should stop within 40 or 50 feet; that the Vontsteen car should stop within 22 feet, if traveling at the rate of 25 miles per hour, after the application of the foot pedal.

Under the above testimony, we think that the issue of discovered peril should undoubtedly have been submitted to the jury, and further that the probative force of the evidence was such that this court would not be warranted in setting aside the verdict and judgment of the trial court, based thereon.

While there are other assignments presented, as we view the record the assignment on the issues of discovered peril raises the controlling question in the case and renders the remaining assignments immaterial. The rule is now well established in this state that where the defendant discovers the peril of plaintiff in time to avoid injury by the exercise of ordinary care in the use of all means at hand, consistent with the safety of others, a new duty arises to exercise such care and failure to do so creates liability regardless of the original cause of plaintiff's perilous position. Hines v. Foreman, Tex.Com. App., 243 S.W. 479; Hays v. Gainesville St. Ry. Co., 70 Tex. 602, 8 S.W. 491, 8 Am.St.Rep. 624; Baker v. Shafter, Tex. Com.App., 231 S.W. 349; St. Louis Southwestern Ry. Co. of Texas v. Cambron, 62 Tex.Civ.App. 465, 131 S.W. 1130; St Louis B. & M. R. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024; Hall v. Weaver, Tex.Civ. App., 101 S.W.2d 1035, 1037; International

& G. N. R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506.

Under the above authorities we feel that no reversible error is revealed by the record. The judgment of the trial court will therefore be in all things affirmed.

Affirmed.