**SURKEY v. SMITH.**

**No. 10644.**

Court of Civil Appeals of Texas.
San Antonio.
Jan. 31, 1940.

Rehearing Denied Feb. 21, 1940.

Carter & Lewis, of San Antonio, for appellant.

Harry Hertzberg, Marion R. McClanahan, and Theodore Simmang, all of San Antonio, for appellee.

MURRAY, Justice.

Appellant, Mosie Wright Surkey, instituted this suit against J. B. Smith, seeking to recover damages caused by the death of her husband, George Surkey, who was struck and killed by an automobile owned and driven by J. B. Smith.

The trial was to a jury and in keeping with the verdict judgment was entered denying Mrs. Surkey any recovery, from which judgment she presents this appeal.

■ Appellant contends that the court erred in not submitting her requested issues relating to the question of discovered peril. The rule, in passing on the question as to whether there was sufficient evidence to take to the jury the issue of discovered peril, is that if, disregarding all adverse evidence and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable thereto which may be drawn from the facts proved, a jury might have found in favor of plaintiff, then the issue of discovered peril should be submitted to the jury. Fernandez v. Rahe, Tex.Civ.App., 61 S.W. 2d 529; Vontsteen v. Rollish, Tex.Civ.App., 133 S.W.2d 589.

■ With this rule in mind we pass to a consideration of the record in this case to determine whether the issue of discovered peril should have been submitted to the jury. George Surkey was struck and killed by an automobile owned and operated by J. B. Smith on October 15, 1937. Surkey was struck as he was attempting to cross San Pedro Avenue, as a pedestrian, at or near the intersection of that avenue with West Evergreen Street. Appellant contends that Surkey was struck at the intersection, while appellee contends he was struck some seventy or eighty feet south of the intersection. However, in determining the issue under discussion we must accept the contention of appellant. Appellant has well stated the most favorable construction to her that can be placed upon the testimony with reference to the issue of discovered peril, which is, in substance, as follows: The appellee was driving south on San Pedro Avenue. Mr. Surkey was attempting to cross from the west to the east side of San Pedro Avenue at the intersection of West Evergreen Street. The witness T. E. Sharp was driving his car in a southerly direction on San Pedro Avenue when he discovered Surkey in front of him, about fifty feet away. He slowed down his car to permit Surkey to cross in front of him. Appellee, Smith, also driving his car in a southerly direction, passed and cut in front of the Sharp car striking Surkey and causing his death. The accident happened about 7:30 p. m., but a light was burning at the intersection and head-lights were burning on both the Sharp and Smith cars. Smith testified that he was only traveling at the rate of twenty miles per hour, that his brakes were good, and that while traveling at that rate of speed he could stop his car in a distance equal to the length of the car. Smith never swerved his car in an attempt to keep from striking Surkey, never applied his brakes and never sounded his horn. Smith testified that he did not see Surkey until he was struck by the car. Smith also testified that he was looking to the front and keeping a proper lookout.

■ It is clear in Texas that before a recovery can be had on the doctrine of discovered peril in a case of this nature the driver of the car must have actually discovered the perilous position of the injured party, and it is not sufficient that if he did not so discover the position of the injured party that he was guilty of negligence.

■ It is also clear, however, that the fact that the driver of the car testifies that he did not discover the perilous position of the injured party is not conclusive of the matter and such discovery may be shown by circumstantial evidence. Fernandez v. Rahe, supra; Stinnett v. Gulf, C. & S. F. R. Co., Tex.Civ.App., 38 S.W.2d 615; Hall v. Weaver, Tex.Civ.App., 101 S.W.2d 1035; Gulf, Coast & S. F. R. Co. v. Whitfield, Tex.Civ.App., 206 S.W. 380; Hines, etc., v. Arrant, Tex.Civ.App., 225 S.W. 767; St. Louis Southwestern Ry. Co. of Texas v. Anderson, Tex.Civ.App., 206 S.W. 696.

■■ However, we are of the opinion that the circumstances in this case are insufficient to require a submission of the

issue of discovered peril to the jury. Before the evidence would support a finding of discovered peril, the circumstantial evidence would have to show that Smith, the driver of the car, actually discovered the perilous position of Surkey and realized that he could not, or probably would not, extricate himself from such position of peril, and that such discovery had been made in time, by the use of ordinary care and by the use of the means at hand and with due regard for his own safety and the safety of the other occupant of the car, to have avoided striking Surkey. We think the evidence corroborates rather than contradicts the testimony of Smith that he did not see Surkey until he struck him. He did not sound his horn, he did not apply his brakes, he made no effort to swerve his car in an effort to avoid striking Surkey. It would be contrary to human nature not to make some effort to prevent striking a person after discovering his perilous position. Furthermore, it is shown that this accident happened very suddenly. If Smith was traveling as slow as twenty miles per hour he was traveling thirty feet per second, and it would thus appear that from the time Smith passed the Sharp car until he struck Surkey was less than two seconds. If Smith discovered Surkey the instant he passed the Sharp car he would have had less than two seconds to have realized that Surkey was in a position of peril, that he could not or probably would not extricate himself from his position of peril, and then by the use of the means at hand have had time by the use of ordinary care to have avoided striking Surkey. Jewell v. El Paso Electric Co., Tex.Civ.App., 47 S.W.2d 328; English v. Terry, Tex.Civ.App., 85 S.W.2d 1063, affirmed 130 Tex. 632, 112 S.W.2d 446; Cantu v. South Texas Transp. Co., Tex.Civ.App., 110 S.W.2d 995; Schumacher v. Missouri Pac. Transp. Co., Tex. Civ.App., 116 S.W.2d 1136; Thurmond v. Pepper, Tex.Civ.App., 119 S.W.2d 900; Hornsby v. Houston Electric Co., Tex.Civ. App., 125 S.W.2d 346; Gersdorf-Sloan Ambulance Service v. Kenty, Tex.Civ.App., 75 S.W.2d 903; Huntley v. Psimenos, Tex. Civ.App., 67 S.W.2d 350; San Antonio & A. P. R. Co. v. McMillan, 100 Tex. 562, 102 S.W. 103; Wright v. McCoy, Tex. Civ.App., 131 S.W.2d 52.

To hold that discovered peril is in this case would be, to use the language of Judge Hickman in Terry v. English, 130 Tex. 632, 112 S.W.2d 446, 449, "to hold that in most all negligence cases it is unnecessary to submit specific acts of negligence, but only to submit the general issue of discovered peril. That doctrine cannot be made to serve so broad a purpose."

It occurs to us that if the issues relating to discovered peril had been submitted to the jury, and if appellant had secured favorable answers to such issues, nevertheless, under the meager evidence herein we would be compelled to set aside such answers. Therefore, we should not hold that failure to submit such issues constitutes reversible error. Joske v. Irvine, 91 Tex. 574, 582, 44 S.W. 1059.

■ Appellant by her next proposition contends that the trial court erred in refusing to permit the appellant to place the witness Bost upon the stand and elicit his testimony when the witness appeared in court for the first time at the conclution of the opening argument to the jury, which had been made by one of appellant's counsel. We overrule this contention. Appellant proceeded to trial knowing that the witness Bost was not in attendance upon court, and closed her testimony without complaint of any kind with reference to being deprived of the evidence of the testimony of Bost. Under such circumstances the trial court did not abuse his discretion in not re-opening the evidence after the charge had been read to the jury, and one argument completed by counsel.

■ By her third proposition appellant complains of certain alleged improper argument by appellee's counsel. The witness Sharp was referred to as "anonymous Sharp." It was argued that witness Sharp held his hand to his mouth while testifying because he was afraid he would let a lie slip out. These arguments were within the record. Appellant had affirmatively proved that the witness Sharp was located by means of an anonymous letter. The witness Sharp did hold his hand to his mouth while testifying. No objection was made to these arguments at the time they were made, nor was the court requested to instruct the jury not to consider them. We overrule this proposition.

■ By her fourth proposition appellant complains because she was not permitted to ask appellee Smith while on the witness stand if he was not a drinking man. There was no allegation of negligence based upon intoxication. Appel-

lant's own witnesses testified that appellee was not drunk at the time of the accident. The evidence was properly excluded. 45 Tex.Jur. 66; Lanham v. Lanham, 62 Tex. Civ.App. 431, 146 S.W. 635; Texas Law of Evidence, by McCormick & Ray, p. 403; Jones on Evidence, 4th Ed., vol. 3, p. 1598.

The judgment is affirmed.