## FIRESTONE TIRE & RUBBER CO. et al.
## v. CHIPMAN et ux.
### No. 11622.

Court of Civil Appeals of Texas.
San Antonio.

April 17, 1946.

Rehearing Denied May 15, 1946.

Eskridge & Groce, of San Antonio, for appellants.

Carter & Lewis and Kampmann & Burney, all of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from an order overruling pleas of privilege filed by Firestone Tire & Rubber Company, hereinafter referred to as Firestone, and Melvin W. Looney.

This suit was instituted by E. O. Chipman and his wife, Blanche Chipman, in the District Court of Bandera County, against the above named defendants, seeking to

recover damages for injuries sustained by Mrs. Chipman as a result of a collision on a public road in Bandera County between an automobile owned and operated by Mrs. Emma Joiner, in which Mrs. Chipman was riding as a passenger, and a truck owned by Firestone Tire & Rubber Company, allegedly being operated by Melvin W. Looney. Firestone, a foreign corporation, filed its plea of privilege to be sued in Bexar County, the place of its residence, and Looney filed his plea of privilege to be sued in Menard County, the place of his residence. Both pleas were controverted and after hearing evidence the court, as above stated, overruled both pleas.

Both defendants have prosecuted an appeal.

The first contention presented by appellants is that the court erred in not sustaining the plea of privilege of Melvin W. Looney, because the record failed to show that he was the driver of the truck which collided with the Joiner automobile in which Blanche Chipman was riding at the time she was injured. Counsel for plaintiffs offered in evidence the following agreement signed by the attorneys for all parties, to-wit:

"Agreement

"The parties to this suit agree that the truck involved in the collision referred to in the plaintiffs' petition and controverting plea was being operated by the defendant Firestone Tire & Rubber Company, through said defendant's employee acting in the course of his employment at the time of the said collision."

Before introducing this agreement in evidence appellees' counsel made the following preliminary statement:

"If the Court please, we will offer into the evidence this agreement signed by counsel on both sides showing the truck in this case was operated by the defendant acting in the course of his employment."

It is contended by appellees that in view of this preliminary statement, if appellants had not agreed that Looney was the driver of the truck, it became their duty to speak, because this statement was sufficient to put them on notice that appellees were so construing the agreement. We cannot agree with this contention. The preliminary statement, while not as complete is along the same lines as the agreement itself. If the word defendant used in the statement was intended to refer to Looney, it would be unimportant whether he was acting in the course of his employment, insofar as he, individually, was concerned. Furthermore, if Looney was the defendant intended then such statement was contrary to the agreement because the agreement is expressly limited to the defendant Firestone Tire & Rubber Company. Therefore, we find nothing in the preliminary statement which would or should have put appellants on notice that appellees were giving to the agreement a different meaning than the one therein expressed. Appellees further contend that inasmuch as the agreement refers to their petition and controverting plea, in which Looney is named as the driver of the truck, the agreement should be construed as agreeing that Looney was in fact the driver of the truck. We cannot agree with this contention. The reference to the petition and controverting plea is made for the purpose of identifying the truck. It would be just as logical to say that inasmuch as the agreement refers to the petition and the petition states that defendant's truck was negligently operated, the agreement should be construed as a stipulation that defendants were in fact guilty of negligence. We think the agreement is clear and easily understood. It is a stipulation that the truck, which is identified by a reference to the pleadings, was being operated not by the defendant Looney but by the defendant Firestone Tire & Rubber Company, through said defendant's employee, without stating who such employee was, acting in the course of his employment at the time of the said collision.

We are aware of the fact that agreements are to be liberally construed in favor of the party in whose interest it was made. American Fidelity & Casualty Co. v. Newman, Tex.Civ.App., 60 S.W.2d 482; 50 Am.Jur. 609; 60 C.J. 63; 39 Tex. Jur. 294.

In the case at bar it would have been necessary for appellees to have proven that the driver of the truck was an employee of the Firestone Company, and that he was engaged in the furtherance of said company's business at the time of the collision, before they could establish any cause of action against Firestone, regardless of the identity of the driver, or how negligent he may have been at the time. This agreement was to the point and completely took care of this phase of the case, but it should not be regarded as taking care of another phase of the case, to-wit, the identity of the driver. There is nothing in the record to identify Looney as the driver of the truck, and therefore the court erred in overruling his plea of privilege.

We overrule appellants' next contention, that the evidence was insufficient to show that Firestone had committed a trespass in Bandera County. The evidence shows that Mrs. Joiner was driving her car on her own right-hand side of the road at a very slow rate of speed when she met a fleet of trucks. The first truck passed safely, but as the second truck approached Mrs. Chipman grabbed Mrs. Joiner by the shoulder and "hollered." Thereafter both women were knocked unconscious and could not recall anything that happened after Mrs. Chipman "hollered." The evidence shows there was a collision between a truck owned and operated by Firestone and the Joiner automobile. It is not shown why Mrs. Chipman grabbed Mrs. Joiner by the shoulder and "hollered," but it may be properly inferred that she had discovered the impending collision. The Joiner automobile was on its right side of the road, it is proper, therefore, to infer that the truck had gotten on the wrong side of the road and thus caused the collision.

There is no evidence on the part of anyone which in any way challenges these very proper inferences. The trial judge having overruled Firestone's plea of privilege he necessarily found upon sufficient evidence that Firestone was guilty of committing a trespass against Mrs. Chipman in Bandera County.

That part of the order which overrules Firestone's plea of privilege will be affirmed, but that part of the order which overrules Melvin W. Looney's plea of privilege will be reversed and this phase of the case will be remanded to the trial court for a new trial. Ordinarily we would here render judgment transferring this case as to Looney to Menard County, but as the matter was not fully developed originally and apparently appellees were confused by the agreement entered into, we have decided the ends of justice will be better served by a remanding of this portion of the cause for a new trial.