**PRYOR et ux. v. BUNCH et al.**

**No. 2712.**

Court of Civil Appeals of Texas. Waco.

April 24, 1947.

Rehearing Denied May 8, 1947.

618

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and W. Emerson Stone, of Jacksonville, for appellants.

Simmons & Jacobs and Roe & Ralston, all of Corsicana, for appellees.

HALE, Justice.

Appellees, Mrs. Minnie Bunch and daughter, instituted this suit against T. A. Pryor and wife for the recovery of damages on account of injuries resulting in death. The controlling question of law presented on the appeal is whether the evidence adduced in the trial court raised the general issue of discovered peril.

On the afternoon of October 26, 1945, John Bunch, the deceased husband and father of appellees, was engaged with certain companions in playing a game of golf at the Oaks Golf Course near the city of Corsicana. The deceased had hit a golf ball out of bounds into Highway No. 75 which extends in a north-south direction along the west boundary line of the golf course. He had crossed over the paved portion of the highway to the west side thereof for the purpose of recovering his ball and while returning to the golf course he was involved, near the center of the highway, in a collision with appellants' automobile which resulted in his immediate death. Mrs. Pryor was operating the automobile in a southerly direction and her husband was in the car with her. This court has heretofore affirmed the judgment of the trial court in overruling appellants' pleas of privilege. See Pryor et ux. v. Bunch et al., Tex.Civ.App., 196 S.W.2d 698.

The case was tried on its merits before a jury. In response to special issues the jury found the death of the deceased was proximately caused by the negligence of Mrs. Pryor (1) in driving the automobile at the time of the collision at a speed of 50 miles per hour (2) on her left-hand side of the highway (3) without keeping a proper lookout and (4) without sounding the horn or (5) applying the brakes on her car. The jury also found contributory negligence on the part of the deceased (1) in failing to keep a proper lookout, (2) in failing to yield the right of way, (3) in unexpectedly moving directly into the path of appellants' car and (4) in walking or running into the right fender thereof. The jury further found the deceased was in a perilous position immediately before the collision, that Mrs. Pryor discovered his peril within sufficient time and distance as that, by the exercise of ordinary care in the use of all the means at her command, consistent with the safety of herself, her husband and her car, she could have avoided the collision but that, after discovering and realizing his peril, she failed to exercise such care, and such failure constituted negligence on her part and a proximate cause of the death of the deceased.

The record does not disclose any complaint or objection on the part of any party to the suit as to the manner in which the case was submitted to the jury. However, after the jury had returned its verdict appellants seasonably filed and duly presented to the court below their motion for judgment in their favor notwithstanding the verdict, upon the ground that there was no evidence of discovered peril in the case and therefore the court should disregard the jury's affirmative findings on those issues and render judgment for them. The court overruled the motion of appellants for judgment and rendered judgment for appellees in the sum of $8,428.00 on the findings of the jury.

Under appropriate points in their brief, appellants say the court below erred in overruling their motion for judgment notwithstanding the verdict because the evidence in the case was insufficient to raise the issues of discovered peril. That is the sole complaint upon which their present appeal is predicated. In passing upon the contentions thus urged it is the duty of this court to view the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to the verdict and judgment. Vontsteen v.

Rollish, Tex.Civ.App., 133 S.W.2d 589 (er. ref.) ; International G. N. R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506 (er. dis. judg. cor.) ; Fernandez v. Rahe, Tex.Civ. App., 61 S.W.2d 529 (er. ref.).

Mr. Hickerson, one of the golfing companions of the deceased, and Mr. Pryor each testified upon the present trial. Their testimony was substantially the same as that given by them at the prior hearing on appellants' pleas of privilege. For a detailed statement of their testimony see Pryor v. Bunch, Tex.Civ.App., 196 S.W.2d 698. Another companion of the deceased also testified upon the present trial and his testimony tended to corroborate that given by the witness Hickerson. An expert witness testified in substance that if the brakes on appellants' car were in good working order it could have been stopped by applying the brakes at speeds and within distances as follows: at 20 miles per hour, within 24 ft.; at 30 miles, 64 ft.; 40 miles, 72 ft.; 50 miles, 123 ft.; and at 60 miles per hour, within 138 ft.

There was evidence to the effect that the brakes on appellants' car were in good working order; that one traveling along the highway from the north, after passing over the crest of a hill, would have a clear view of the scene of the collision for a distance of 900 ft.; the paved portion of the highway was 18 ft. in width; the collision occurred near the center line in the highway about 4:00 o'clock in the afternoon of a clear day at a time when there was no other traffic on the highway in that immediate vicinity; that the body of the deceased was knocked into the air to a height of 5 ft. above the ground for a distance of 35 ft. by the impact and that appellants' car traveled a distance of 360 ft. after the collision before it was brought to a stop.

Mrs. Pryor testified that she was operating the car at the time of the collision; she saw the deceased crossing a part of the highway to the west side thereof just as she came over the crest of the hill; she saw him when he started back across the highway at a time when she was about 360 or 375 ft. from the point of collision; she was driving at a speed of 40 or 45 miles per hour; the deceased did not stop when he reached the west edge of the pavement but continued to run across the same in an easterly direction until he was within about 18 inches or 2 ft. of the center line where he stopped; at that time she was a distance of 150 to 225 ft. from the point of collision and she began to turn her car to her left side of the pavement for the purpose of passing in front of him; when she was near the deceased he again moved forward and collided with the right front fender of her car; at the moment of the impact her car was completely on the east side of the paved portion of the highway; and that, after first seeing the deceased, she did not at any time sound the horn or apply the brakes on her car until after the collision had occurred.

After considering all the evidence in the case, we have concluded that the same was sufficient to raise every essential fact element necessary to a proper application of the doctrine of discovered peril. Texas & N. O. R. Co. v. Krasoff, Tex.Sup., 191 S.W.2d 1; Montgomery v. Houston Electric Co., 135 Tex. 538, 144 S.W.2d 251; Short v. Nehi Bottling Co., Tex.Civ.App., 145 S.W.2d 684; Galveston H. & S. A. R. Co. v. Wagner, Tex.Com.App., 298 S.W. 552. We think it is readily apparent from the evidence that the deceased was actually in a position of imminent peril when, and at all times after, he stopped near the center of the highway with appellants' automobile approaching him at a high rate of speed. Any surmise as to whether he saw the approaching automobile or as to why he might have stopped near the center of the highway, if he did so, would amount to nothing more than mere speculation and conjecture. The real crux of the problem before us is whether there was any evidence that Mrs. Pryor realized and appreciated the danger of his position in sufficient time that, by the exercise of ordinary care in the use of the means at her command, she could have avoided the collision. In our opinion, the fact that she turned her car toward the left side of the highway at a time when she was 225 feet from the point of the collision constitutes cogent evidence that she then realized the peril and danger to the deceased of his position on the highway. If so, the jury could have

**620**

properly found that in the exercise of ordinary care she should have thereafter applied her brakes, should have sounded her horn or should have driven to the right of the deceased, either of which would have avoided the collision and all of which she negligently failed to do.

Because we have concluded that the evidence was sufficient to raise the general issue of discovered peril, all of appellants' points are overruled and the judgment of the trial court is affirmed.