**BAYSHORE BUS LINES v. COOPER et al.**

**No. 12106.**

Court of Civil Appeals of Texas. Galveston.

July 21, 1949.

Rehearing Denied Oct. 6, 1949.

Strasburger, Price, Holland, Kelton & Miller, W. M. Taylor, Jr., Royal H. Brin, Jr., Mark Martin, Dallas, for appellant.

John L. Hill, Jr., W. J. Kronzer, Jr., Houston (Helm & Jones, Houston, of counsel), for appellees.

MONTEITH, Chief Justice.

This action was brought by appellees, Mrs. Mary Georgie Cooper joined by her husband, W. L. Cooper, to recover damages alleged to have been sustained as the result of the negligent operation of a bus driven by an employee of appellant, Bayshore Bus Lines, which resulted in injuries to Mrs. Cooper and damages to their automobile.

The suit arose out of a collision between an automobile being driven by Mr. Cooper, in which Mrs. Cooper was riding, and a bus owned by appellant and being driven by its employee, Wallace Troy Beasley. The collision occurred on the road between Houston and Goose Creek.

Appellees alleged that, at the time their car was struck, appellant's bus was being operated by its agent and employee who was acting within the scope and course of his employment. They alleged numerous specific acts and omissions on the part of appellant and its driver claimed to amount to negligence proximately causing the accident. Appellant alleged numerous acts and omissions of appellees which, it alleged, amounted to contributory negligence.

In answer to special issues submitted, a jury found, among other facts, that the bus. was being operated at an excessive rate of speed. That its driver had failed to keep a proper lookout for the vehicle in which appellees were riding, and that he had failed to make a proper application of his. brakes, or to give a suitable signal before undertaking to pass appellees' automobile. The jury found that such acts and omissions constituted negligence and that they

were proximate causes of appellees' injuries. The jury further found that the driver of appellant's bus had discovered appellees' perilous position before the collision occurred and realized that in all reasonable probabilities appellees could not and would not be able to extricate themselves from such position of peril in time, consistent with his safety and the safety of his vehicle. The jury found that appellees were not guilty of contributory negligence. Based on the answer to such special issues, judgment was rendered in favor of appellees in the sum of $15,941.67 for the injuries to Mrs. Cooper, and in the sum of $227.00 for reasonable and necessary medical services rendered her.

Mrs. Cooper was 65 years of age at the time of the accident. She weighed between 245 and 250 pounds. Mr. Cooper was not injured. He testified that the cost for repairing the damage to his automobile was approximately $19.00.

Mr. Cooper testified that at the time of the collision he was attempting to pass a car directly in front of him and that appellant's bus in attempting to pass his car "side-swiped" their car and lifted its left-hand wheels from the road. Mrs. Cooper testified that, at the time of the collision, her foot became entangled with the gas accelerator and that she was tossed violently around in the car; that her back, hip and spine were sprained and that, since the accident, she has spent the greater part of her time in bed and that she was only able to get around the house with crutches and in a wheel chair. She testified that she has lost 50 pounds in weight since the accident and that she had uterine hemorrhages continuously for 90 days after the accident and that they have recurred on numerous occasions since that time.

■ Under its first point of appeal, appellant contends that the verdict and judgment of $15,941.67 awarded appellees as compensation for the injuries received by Mrs. Cooper was so excessive as to indicate that the jury was influenced by passion, prejudice or other improper motives. Under this record this contention cannot, we think, be sustained.

The record reflects a considerable volume of testimony by Mrs. Cooper and other witnesses with respect to the injuries sustained by her as a result of the collision in question.

Dr. Lillie, a witness for appellees, testified that he saw Mrs. Cooper the day following the accident and she had bruises on her leg, her hip and her back, and that she had lost motion in her hip and that as a result of her injuries she suffered uterine hemorrhages for 90 days after the accident and on occasions since that time. He testified that in his opinion she would never be able to get around without help or without a wheel chair or crutches.

■ The Courts of this State have uniformly held that considerable discretion and latitude must necessarily be vested in the jury in determining the amount of damages to be awarded in a personal injury case and that, since each case must be measured by its own peculiar facts, the damages in a case of this character cannot be measured by a mathematical yardstick. Herrin Transp. Co. v. Peterson, Tex.Civ.App., 216 S.W.2d 245, and the authorities there cited.

Under its second point of appeal, appellant complains of the action of the trial court in permitting appellees' counsel, over its objection, during the cross-examination of appellant's bus driver, to read from a written instrument which was never identified or offered in evidence.

Mr. Beasley, appellant's bus driver, testified that on the occasion in question he was driving the bus at the rate of about 35 miles per hour; that he blew his horn when he decided to pass the Cooper car; that after he got along side the car, its driver pulled to his left in such a way as to bring his car in contact with the right side of the bus. He testified that he pulled the bus over onto the shoulder of the road to keep the Cooper car from hitting the bus, but that he did hit the bus on its right side behind the rear wheel.

During the cross-examination of Beasley by appellees' counsel, he was asked whether he had made a statement in reference to this case shortly after the accident. He

replied that he had. He was then asked whether he had made the statement that "the bus overtook the passenger car of the plaintiffs being driven by W. L. Cooper and gave a signal by horn of its intention to pass the plaintiffs' car." Appellant's counsel objected to this question as asked and requested that he be informed as to what appellees' counsel was reading from. The court overruled the objection, to which ruling appellant's counsel excepted.

■ While the courts of this State have ordinarily allowed much latitude in the cross-examination of hostile witnesses, they have never countenanced the procedure of allowing the contents of an instrument to be introduced in evidence by indirection which was not entitled to be introduced in evidence.

In the case of United States v. Dilliard, 2 Cir., 101 F.2d 829, 837, certiorari denied, Dilliard v. United States, 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1036, the rule is announced that " * * * Fairness usually does require that the witness shall be told when and where he made the putatively contradictory statement; but that is really all that the Supreme Court has ever exacted, and we think more is not necessary."

■ An examination of the testimony which is quoted in appellant's brief and which is relied on by it in support of this point, shows conclusively, we think, that the test referred to in the Dilliard case was satisfied in this record and that a proper predicate was laid for the testimony objected to.

■■ Under its points of appeal Nos. 3 and 4, appellant complains of the argument of appellees' counsel in which he is alleged to have, in substance, charged appellant's counsel with dishonesty and of another part of his argument in which he is alleged to have stated "Don't you know that if there was anything back there that is worth proving that would hurt this lady's case you would have heard it here? You would have heard it from the high heavens. Don't you know that everything has been done that could be done?"

Appellant's counsel did not seek to avoid the effect of the arguments complained of either at the time they were made or by requesting the court to instruct the jury to disregard them.

The courts of this state have uniformly held that if no proper objection is made to complained of arguments of counsel at the time the argument is made, the error, if any, is waived. It has been uniformly held by the Courts of this State that if the offending argument is such that its damaging effect can be cured by the court sustaining an objection and instructing the jury not to consider it and these things are done, no reversible error is shown. Under the record in this case, the alleged error, if any, was, we think, waived. Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816; Galveston, H. & S. A. R. Co. v. Brewer, Tex.Civ.App., 4 S.W.2d 320, writ refused; Breeding v. Naler, Tex. Civ.App., 120 S.W.2d 888 and authorities cited; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054.

■ Appellant assigns error in the action of the trial court in submitting to the jury the "discovered peril" issues, all of which were found against it.

While the testimony is contradictory as to how the collision under consideration occurred, under this record, the jury might reasonably have found that the driver of the bus saw appellees in a perilous position and that he did not do all that he could have done to have avoided the collision during the time he was attempting to pass appellees' car. Under these facts, the issues complained of were properly submitted. Texas & N. O. R. Co. v. Krasoff, 144 Tex. 436, 191 S.W.2d 1; Vontsteen v. Rollish, Tex.Civ.App., 133 S.W.2d 589; Panhandle & S. F. R. Co. v. Napier, Tex. Civ.App., 117 S.W.2d 826, writ refused.

We have carefully considered all other points of error presented in appellant's brief and since none of them show reversible error in the record, judgment of the trial court will be affirmed.

Affirmed.